Davis v Melifont Constr. Corp. (2023 NY Slip Op 02970)

Davis v Melifont Constr. Corp.

2023 NY Slip Op 02970

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 156069/20 Appeal No. 381 Case No. 2022-01489 

[*1]Myles Davis, etc., Plaintiff-Respondent,
v
Melifont Construction Corp., Defendant-Appellant, Felipe D. Chairez et al., Defendants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant.
O'Hare Parnagian LLP, New York (Robert A. O'Hare Jr., of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered February 8, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Mellifont Construction Corp.'s cross-motion to dismiss plaintiff's claim for punitive damages as against it, unanimously affirmed, without costs.
The motion court properly denied Mellifont's cross-motion to dismiss plaintiff's claim for punitive damages in connection with the third cause of action for negligent hiring, supervision and retention. When Mellifont cross-moved to dismiss plaintiff's claim for punitive damages, it relied on its codefendant's argument that the allegations in the complaint were insufficient to support a claim for punitive damages. However, Mellifont never argued that plaintiff's allegations directed against it specifically, as opposed to the allegations against its codefendant, were insufficient to support a claim for punitive damages. Instead, Mellifont makes this argument for the first time on appeal and therefore, it is unpreserved (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525, 525 [1st Dept 2014]).
Moreover, contrary to Mellifont's assertion, in certain circumstances, punitive damages can be imposed against an employer for the actions of its employee (see Loughry v Lincoln First Bank, 67 NY2d 369, 378 [1986] [punitive damages may be awarded against an employer "where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023